UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGARDO BARANCO,<br><br>         Movant,<br><br>  -against-<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | 23-CV-1552 (JMF)<br><br>20-CR-0135-6 (JMF)<br><br>MEMORANDUM OPINION<br>AND ORDER OF DISMISSAL |

JESSE M. FURMAN, United States District Judge:

  Movant Edgardo Baranco ("Baranco") pleaded guilty to conspiracy to distribute narcotics — namely, crack cocaine — and was sentenced principally to sixty months' incarceration, the mandatory minimum, followed by four years of supervised release. *See* No. 20-CR-135-6, ECF Nos. 536, 578, 593. Now incarcerated at FCI Danbury, Baranco brings a *pro se* motion under 28 United States Code, Section 2255, challenging the execution of his sentence. He also appears to seek a reduction of his sentence pursuant to a congressional bill that has not been enacted and a modification of his sentence based on his conduct during his incarceration.

  A prisoner in federal custody may move "to vacate, set aside or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings). In addition, no hearing is required where the allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Instead, to warrant a hearing, the petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a

hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In light of these standards, Baranco's motion must be and is denied. Baranco's first argument is that, following his sentence, the Bureau of Prisons ("BOP") erroneously added a two-point enhancement for gun possession. *See* No. 23-CV-1552, ECF No. 1 ("Motion"), at 4.[1] Such an argument, however, must be raised in a petition brought pursuant 28 United States Code, Section 2241, because it is a challenge to the execution of the sentence. *See, e.g.*, *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to [Section] 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as . . . computation of a prisoner's sentence by prison officials . . ."). Moreover, such a petition must be filed in the district of confinement (here, the District of Connecticut), *see Rumsfeld v. Padilla*, 542 U.S. 426, 435, 442-43 (2004), and after the exhaustion of administrative remedies, *see, e.g.*, *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Accordingly, Baranco's first argument is rejected, without prejudice to renewal in the proper District.

Baranco's remaining arguments can be even more swiftly rejected. His next argument is that his sentence should be reduced in light of the EQUAL Act of 2021, a bill that passed the House of Representatives on September 28, 2021, and a December 16, 2022 memorandum from the United

---

[1]   Citations to the Motion are to the page numbers automatically generated by the Court's Electronic Case Filing system.

States Attorney General that outlines guidance for prosecutors when charging individuals with offenses that carry mandatory minimums.  *See* U.S. Department of Justice, Memorandum for all Federal Prosecutors, https://www.justice.gov/media/1265326/dl?inline; *see also* Motion 14.  But the EQUAL Act did not pass the Senate and, thus, is not law.  And nothing in the Attorney General's December 16, 2022 memorandum provides the Court with authority to alter Baranco's sentence.  Third and finally, Baranco seeks modification of his sentence based on his conduct in prison.  Motion 7.  Such a request can be made by motion pursuant to Title 18, United States Code, Section 3582(c), pursuant to which the Court may reduce a sentence upon a showing that there are "extraordinary and compelling reasons warrant such a reduction."  Before making a motion under Section 3582(c), however, a defendant must exhaust his remedies within the BOP, *see* 18 U.S.C. § 3582(c), and there is no indication that Baranco has done so.

For the foregoing reasons, Baranco's motion must be and is DENIED.  Because Baranco makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  Further, the Court certifies, pursuant to 28 United States Code, Section 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate No. 20-CR-135-6, ECF No. 732; to close No. 23-CV-1552; and to mail a copy of this Memorandum Opinion and Order to Baranco at:

> Reg. No. 87946-054
> Federal Correctional Institution Danbury
> 33 1/2 Pembroke Station, Route 37
> Danbury, CT 06811

SO ORDERED.

Dated: March 23, 2023
      New York, New York

_____
JESSE M. FURMAN
United States District Judge